# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM BARCELONA,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0282** (BOR Appeal No. 2047549)
                    (Claim No. 2011012800)

**HOMESTYLE DINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Barcelona, by William Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Homestyle Dining, LLC, by Daniel Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 18, 2013, in which the Board affirmed a July 26, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 19, 2011, decision which denied payment to Wood Health Care Clinic for services provided on April 20, 2011; April 29, 2011; May 13, 2011; and June 20, 2011. In its Order the Office of Judges also affirmed the claims administrator's August 10, 2011, decision which denied a request for referral to Samy Sakla, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Barcelona, a restaurant worker, was injured in the course of his employment on October 9, 2010, while emptying a garbage can into a dumpster. The claim was held compensable for neck sprain and shoulder sprain. In a deposition on July 26, 2011, Mr. Barcelona testified that he previously injured his neck in 2007. Treatment notes by Gregory Wood, D.O., show that he was diagnosed with a herniated cervical disc. Mr. Barcelona stated

1

that at the time of the injury he was lifting a heavy garbage can when he felt pain in his neck and back. Dr. Wood released Mr. Barcelona to return to work on February 9, 2011, and opined in a March of 2011 treatment note that the symptoms were originating from the cervical discs.

Bill Hennessey, M.D., performed an independent medical evaluation on March 24, 2011. He noted that Mr. Barcelona reported neck and thoracic pain. Mr. Barcelona denied any lower back pain at that time. Dr. Hennessey opined that there was insufficient evidence in the case to support any new clinical findings following the compensable injury. Mr. Barcelona's current symptoms were determined to be non-work-related and no further treatment was recommended. ChuanFang Jin, M.D., agreed in an independent medical evaluation on December 1, 2011. She noted that the compensable conditions in the claim are neck sprain/strain and shoulder sprain/strain. She determined Mr. Barcelona had reached maximum medical improvement for the neck sprain and that his continued symptoms are likely the result of pre-existing degenerative cervical spine disease. Dr. Jin noted a September 17, 2007, treatment note by Dr. Wood which indicates Mr. Barcelona complained of severe neck and lower back pain with radiculopathy into the arms. Mr. Barcelona stated at that time that the symptoms had persisted for several years. Dr. Jin also noted that a 2007 MRI showed a herniated C5-6 disc consistent with degenerative disc disease. A 2010 MRI, taken shortly after the injury, showed findings similar to the 2007 MRI, and a 2011 repeat MRI revealed multilevel degenerative changes. The MRIs were determined to be consistent with degenerative disc disease rather than a traumatic disc injury.

The claims administrator denied payment to Wood Health Care Clinic for services provided on April 20, 2011; April 29, 2011; May 13, 2011; and June 20, 2011, in its July 19, 2011, decision. The Office of Judges affirmed the decision in its July 26, 2012, Order. It found that Mr. Barcelona was treated on those occasions for cervical strain, cervical herniated disc, lumbar strain, depression, and conversion disorder. The Office of Judges determined that Mr. Barcelona presented no evidence that the psychiatric disorders, lumbar strain, and cervical herniated discs were compensable components of the claim. Dr. Jin noted in her independent medical evaluation that the claim was compensable only for neck and shoulder sprain and Dr. Hennessey noted Mr. Barcelona denied lower back pain. They also stated that the claim had not been held compensable for cervical herniated disc. Dr. Hennessey indicated that Mr. Barcelona was diagnosed with a cervical herniated disc in 2007 and that there were no new findings after the compensable injury. Dr. Jin reviewed MRIs taken both before and after the compensable injury and opined that the studies were consistent with degenerative changes rather than a traumatic injury. Finally, Charles Rosen, M.D., opined that Mr. Barcelona's problems were related to old age. Because none of the conditions were compensable components of the claim, the Office of Judges found that Mr. Barcelona failed to show that Dr. Wood's treatment in regards to psychological issues, lumbar strain, and cervical herniated disc should be covered under this claim.

In regard to Dr. Wood's treatment related to cervical strain, the Office of Judges determined that the condition is a compensable component of the claim. However, the weight of the medical evidence was found to show that Mr. Barcelona does not require further treatment for his compensable condition. Dr. Hennessey determined in his independent medical evaluation that Mr. Barcelona's current complaints are not related to the compensable injury. Dr. Jin also

2

found that the complaints are the result of a non-compensable condition: degenerative cervical spine disease. They both opined that no further treatment was necessary for cervical strain. Their opinions were found to be supported by Dr. Rosen's determination that Mr. Barcelona's symptoms are the result of the natural aging process. The Office of Judges therefore held that while cervical strain is a compensable diagnosis, the evidence shows Mr. Barcelona's symptoms are not related to his compensable condition.

It its Order, the Office of Judges also affirmed the claims administrator's August 10, 2011, decision denying a request for a referral to Dr. Sakla for pain management. It determined, based upon the evidence above, that Mr. Barcelona failed to show by a preponderance of the evidence that referral to a pain clinic is medically necessary in relation to the compensable cervical strain.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its January 18, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record shows that Mr. Barcelona's current symptoms are not the result of his compensable condition and the requested services and referral are therefore not medically related or reasonably necessary for the treatment of his work-related injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3